[No. 36194.   Department One.   April 12, 1962.]

DARREL COOPER, *Appellant,* v. WALLACE W. BAER *et al.,*
*Respondents.**

*Robert E. Conner,* for appellant.

*Charles W. Cone,* for respondents.

ROSELLINI, J.—The appellant brought this action to recover an amount of money which he alleged was due him on a contract to conduct a poker game in the respondents' pool hall. The respondents' motion for summary judgment was granted.

It is conceded by the appellant that the contract was in violation of RCW 9.47.010, making the operation of a gambling game illegal. The appellant suggests, however, that the respondents are estopped from asserting the illegality of the contract because the respondent husband told the appellant that the gambling operation was licensed by the city of Wenatchee and that no crime was being committed and no arrests could be made.

The contract being illegal, the appellant may not invoke the doctrine of estoppel to enforce it. *State v. Northwest Magnesite Co.,* 28 Wn. (2d) 1, 182 P. (2d) 643. As

* Reported in 370 P. (2d) 871.

this court said in the leading case of *Reed v. Johnson*, 27 Wash. 42, 67 Pac. 381, 57 L. R. A. 404:

" . . . The nonenforcement of illegal contracts is a matter of common public interest, and a party to such contract cannot waive his right to set up the defense of illegality in an action thereon by the other party. . . . it becomes the duty of the court to refuse to entertain the action. . . . Validity cannot be given to an illegal contract through any principle of estoppel. . . ."

■ The appellant also contends that he is entitled to recover from the respondents the minimum wage prescribed by the minimum wage act, RCW 49.46.020.[1] His argument is that it is not necessary to prove the existence of a contract of employment in order to claim the benefits of this act. Without deciding the correctness of this contention, we hold that the act was not intended to apply to "employments" that are in violation of the criminal statutes of this state.

The appellant cites no authority sustaining his theory that this was the legislative intent, and we think it extremely unlikely that such authority could be found. In order to make out a case for compensation under the statute, the appellant must show that he performed some services. His proof would necessarily disclose that the services he performed were patently illegal.

The same public policy which moves the courts to refuse their aid in the enforcement of illegal contracts, requires a presumption that a statute intended for the protection of wage earners does not protect persons engaged in criminal activities. This court will find a contrary intention only if it is clearly expressed in the act. There is nothing in the language of the present minimum wage act to suggest that the legislature intended that the violators of criminal laws should benefit by its provisions.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

---

[1]See *Peterson v. Hagan*, 56 Wn. (2d) 48, 351 P. (2d) 127, holding §§ 3 and 5, Laws of 1959, chapter 294, unconstitutional.